IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFREY SCREWS, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| VS. | * | CASE NO. 4:05-CV-141 (CDL) |
| | * | 42 U.S.C. § 1983 |
| W.W. ADAMSON, Warden, | * | |
| DEPUTY WARDEN COVINGTON, | * | |
| MS. AMMONS and MS. McLAIN, | * | |
| *et al*, | * | |
| | * | |
| Defendants. | * | |

**ORDER & RECOMMENDATION OF DISMISSAL**

Plaintiffs, Jeffrey Screws, Benjamin Mayo, Christopher Johnson, Matthew McLaughlin, and Charlie Banks, presently inmates at the Muscogee County Prison in Columbus, Georgia, have filed the above styled Section 1983 action against the named Defendants. Each Plaintiff has sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that plaintiffs are unable to pay the cost of commencing this action, plaintiffs' applications to proceed *in forma pauperis* are hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $250.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial

partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein these Plaintiffs are held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of each Plaintiffs prison account until the $250.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until each filing fee is paid in full, provided the amount in the account exceeds $10.00.

<u>Preliminary Review of Complaint</u>

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

In the current case, the Plaintiffs contend that they attempted to join another lawsuit filed by Muscogee County inmates, Case No. 4:05-CV-105. They claim that the Defendants prevented them from being able to join the lawsuit by failing to complete and sign their prison trust account statement forms, which, by law, must accompany any request to proceed

2

*In Forma Pauperis*. They claim, that the actions "actually injured the Plaintiff's efforts to pursue their legal claims. Therefore, they contend that they were denied access to the courts, denied the opportunity to petition for redress of their grievances and denied the rights of due process and equal protection of the law.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). In this case, the Plaintiffs were ordered *by this Court* to file a certified copy of their prison trust account statements by a certain date. These Plaintiffs failed to comply with the court's order or request upon good cause an extension of time to do so. Having failed to heed the court's directive, they cannot now claim that they were denied access to the courts.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the Plaintiffs' complaint be **DISMISSED**, without prejudice, as failing to state a claim and legally frivolous pursuant to 28 U. S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 636(b)(1), the plaintiffs may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 8th day of December, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe